**FILED**
VANESSA L. ARMSTRONG, CLERK

DEC 07 2012

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                                  CRIMINAL ACTION NO. 3:10CR-51-S

ABEL FLORES
RAMON F. FLORES                                                        DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The defendants are presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning a point is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

The fact that a witness has been convicted of a felony crime is another factor you may consider in deciding whether you believe the testimony of that witness.

Also, a witness who hopes to gain favorable treatment in his own case may have a reason to make a false statement. So, while a witness of that kind may be entirely truthful when testifying, you should consider his testimony with more caution than the testimony of other witnesses.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## COUNT 1

Count 1 of the indictment charges the defendants with conspiracy to knowingly and intentionally distribute or to possess with intent to distribute cocaine. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find either defendant guilty of the conspiracy charge, the United States must prove each and every one of the following elements beyond a reasonable doubt as to that defendant:

<u>First:</u>   That from on or about August, 2007 to May, 2010, two or more persons conspired, or agreed, to knowingly and intentionally distribute or to possess with intent to distribute cocaine, as charged; and

<u>Second:</u>   That the defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

With regard to the first element – a criminal agreement – the United States must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute or to possess with intent to distribute cocaine as charged. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the United States has proved an agreement. But without more they are not enough.

What the United States must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute or to possess

with intent to distribute cocaine as charged. This is essential. An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

With regard to the second element – the defendant's connection to the conspiracy – the United States must prove that the defendant knowingly and voluntarily joined that agreement. The United States must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider each defendant separately in this regard. This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

However, proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the United States has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the United States to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the United States has proved both of the elements of the crime

beyond a reasonable doubt in order to find a defendant guilty of the conspiracy charge.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

## SPECIAL INTERROGATORY AS TO COUNT 1

If you have found a defendant guilty as to Count 1, you must also decide beyond a reasonable doubt what quantity of cocaine such defendant conspired to possess with intent to distribute on or about the dates set forth in the indictment. You will complete the portion of the applicable verdict form asking you to make this finding as to quantity.

You will note that the indictment charges that the crimes were committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged crimes. It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on a date reasonably near the date alleged.

The case of each defendant and the evidence pertaining to him should be considered separately and individually. The fact that you may find either of the defendants guilty or not guilty should not affect your verdict as to the other defendant.

The defendants are on trial only for the specific crime alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted the matter of punishment is for the judge to determine.

Any verdicts you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdicts to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinions and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the other jurors think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Verdict forms have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I have accepted your verdict.

FILED
Jeffrey A. Apperson, Clerk
JUN 0 8 2010
U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

SECOND SUPERSEDING INDICTMENT

NO.   3:10CR-51-S

21 U.S.C. § 846

**ABEL FLORES**         (Ct. 1)
**RAMON F. FLORES a.k.a Raymond F. Flores** (Ct. 1)

The Grand Jury charges:

## COUNT 1

From on or about August, 2007 to on or about May 10, 2010, in the Western District of Kentucky, Jefferson County, and elsewhere, the defendants, **ABEL FLORES**, and **RAMON F. FLORES a.k.a Raymond F. Flores**, agreed and conspired with each other and others, to knowingly and intentionally possess with the intent to distribute and distribute 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812, in violation of Title 21, United States Code 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

A TRUE BILL

FOREPERSON

DAVID J. HALE
UNITED STATES ATTORNEY

CH: JSD:4/6/10

# VERDICT FORM A
## Count 1
### *Conspiracy*

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |
| **Case Title**<br>UNITED STATES OF AMERICA<br><br>v.<br>ABEL FLORES<br>RAMON F. FLORES | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:10CR-51-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:

The defendant, Abel Flores, _____ as to Count 1 of the indictment.
                                             (guilty/not guilty)

If you found the defendant, Abel Flores, guilty as to Count 1, you will make the following determination:

> We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the defendant, Abel Flores, conspired to distribute or to possess with the intent to distribute cocaine in the amount of:
>
> \_\_\_\_\_ 5 kilograms or more
> \_\_\_\_\_ 500 grams or more, but less than 5 kilograms
> \_\_\_\_\_ Less than 500 grams

| Foreperson's Signature | Date |
|---|---|
| | |

# VERDICT FORM B
## Count 1
### *Conspiracy*

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br>UNITED STATES OF AMERICA<br><br>v.<br>ABEL FLORES<br>RAMON F. FLORES | Docket No.<br><br><br>CRIMINAL ACTION NO. 3:10CR-51-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Ramon F. Flores, _____ as to Count 1 of the indictment.
             (guilty/not guilty)

If you found the defendant, Ramon F. Flores, guilty as to Count 1, you will make the following determination:

> We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the defendant, Ramon F. Flores, conspired to distribute or to possess with the intent to distribute cocaine in the amount of:
>
> \_\_\_\_\_ 5 kilograms or more
> \_\_\_\_\_ 500 grams or more, but less than 5 kilograms
> \_\_\_\_\_ Less than 500 grams

| Foreperson's Signature | Date |
|---|---|
| | |